UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY A. NORRIS, ET AL., | ) | CASE NO. 4:10CV2242 |
| | ) | 4:11CV0932 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| RELIANCE STANDARD | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court on the Motion for Judgment on the Administrative Record and Other Evidence (ECF DKT #33) by Plaintiff Timothy A. Norris (hereinafter "Plaintiff"), and Defendant Reliance Standard Life Insurance Company's Motions for Judgment on the Administrative Record (ECF# 34) and (ECF # 17 in Case No. 11CV932) (hereinafter "Defendant").[1] Plaintiffs allege that Defendant made a unilateral change in the policy allowing the court to look at evidence outside of the Administrative Record. However,

---

[1]  The Court consolidated the above cases on July 18, 2011. The Court determined Plaintiffs' claims in the above cases were completely preempted by ERISA in an opinion dated January 31, 2012.

Defendant argues that under the plain language of the policy, the decedent was never eligible for life insurance coverage. Defendant's Motions are granted and the Court denies Plaintiff's Motion for Judgment on the Administrative Record and Other Evidence.

## I. BACKGROUND

The relevant facts and procedural history are as follows. The decedent in this case was a longtime employee of Chauffeurs, Teamsters, Warehousemen & Helpers Local Union No. 377, an affiliate of the International Brotherhood of Teamsters (hereinafter "Local 377"). Local 377 had a life insurance plan through Defendant, governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Local 377 was under the belief that the decedent was covered by a $50,000 life insurance policy through Defendant, and was paying a premium for her.

Decedent was employed by Local 377 beginning in 1994 for 20-30 hours a week. In August 2009, the Decedent took leave for cancer treatment. She died on December 11, 2009.

Upon the decedent's death, Norris, the decedent's beneficiary, attempted to collect the death benefit. In a decision letter to Local 377, Defendant asserted that because the decedent had not been working 30 hours per week as required to be classified as a "full-time" worker covered by the policy, the beneficiary was not entitled to death benefits.

A person insured under the Policy is one "who meets the eligibility requirements of the Policy and is enrolled for [the] insurance." The Policy defines an eligible employee as an "active, full-time employee, except any person employed on a temporary or seasonal basis . . . ." A full-time employee is one that [works for the employer] for a minimum of 30 hours during a person's regular scheduled work week."

The administrative record shows that while determining whether the decedent was eligible for benefits, agents of Defendant found that "the policy had been set up incorrectly in 1993."  The policy holder, Local 377, failed to list the minimum number of hours required for an employee to be considered full-time in its application.  As such, Defendant entered its boilerplate 30 hours per week requirement.  The broker no had contact with Local 377 for fifteen years following the creation of the policy, and Local 377 alleges that they never received an updated copy of the policy.  Defendant found that the decedent was not eligible under this requirement.

The policy allowed an appeal of the decision and on April 6, 2010, Local 377 requested a Review of Determination of the decedent's claim.  As part of its appeal, Local 377 stated that the decedent had always been included on the policy, that Local 377 had continued to pay for her under this policy, and that many $1,000 claims had been paid out to part-time employees without being questioned by Defendant.

On April 26, 2010 Defendant affirmed its previous decision denying benefits to Norris.  In its review, Defendant points to Local 377's own classification of the decedent as a "permanent part-time employee" and that her normal work week was not 30 hours, as asserted by Local 377, but "clearly 20 hours a week."  Because the decedent was never classified as a full-time employee, she never fell into the eligible category of workers and was therefore, never covered by the policy.

On August 4, 2010, and sometime around May 2011 Plaintiff filed the above cases in the Mahoning County Court of Common Pleas.  On May 10, 2011, the case was removed to the Northern District of Ohio.

## II.  LAW AND ANALYSIS

### Arbitrary and Capricious Standard

Where a District Court reviews an administrator's decision regarding benefits under the Employment Retirement Income Security Act of 1971 (ERISA), the Court reviews the decision *de novo*. *See Kouns v. Hartford Life and Acc. Ins. Co.*, 780 F. Supp. 2d 578 (N.D. Ohio 2011); *see also*, *Elliot v. Metropolitan Life Ins. Co.*, 473 F.3d 613 (6th Cir. 2006). However, in cases where the plain language of the benefit plan states that the plan administrator has "discretionary authority to determine benefit eligibility or construe the terms of the plan," then the court applies an arbitrary and capricious standard of review. *Kouns*, 780 F. Supp. 2d at 584; *see also Elliot*, 473 F.3d at 617.  The "arbitrary and capricious" standard of review is the most deferential and stringent form of judicial review, only overturning the decision of the plan administrator where the decision was not "the result of a deliberate, principled reasoning process and if it is unsupported by substantial evidence." *Elliot*, 473 F.3d at 617, quoting *Glenn v. MetLife*, 461 F.3d 660, 666 (6th Cir. 2006). Applying this standard of review to ERISA cases, the court "is limited to reviewing evidence contained within the administrative record." *Kouns*, 780 F. Supp. 2d at 584, citing *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 615 (6th Cir. 1998).

### Plan Document Language

In an ERISA case, the plain language of the plan document rules.  "ERISA 'has an elaborate scheme in place for beneficiaries to learn their rights and obligations at any time, a scheme that is built around reliance on the face of plan documents.'" *Sprague v. General Motors Corp.*, 133 F.3d 388, 402 (6th Cir. 1998), citing *Curtiss-Wright Corp. v.*

*Schoonejongen*, 514 U.S. 73, 83 (1995).  The scheme was written by Congress, with the intention "that plan documents . . . exclusively govern an employer's obligations under ERISA plans." *Sprague*, 133 F.3d at 402, citing *Moore v. Metropolitan Life Ins. Co.*, 856 F.2d 488, 492 (2d. Cir. 1998).

Even the employer's good faith belief that the decedent was a full-time employee, covered under the plan, does not entitle the beneficiary to death benefits if the decedent is not covered by the plan document language.  "[The employer's] failure to be familiar with these terms and provisions does not entitle [Plaintiff] to any higher level of judicial scrutiny of the benefits claim denial in this case, or to any waiver of the plan requirement that a covered employee be an active, full-time employee as defined in the plan." *McFarland v. Union Cent. Life Ins. Co.*, 907 F.Supp. 1153, 1162 (E.D. Tenn. 1995).

Here, the plan document is unequivocally clear as to who is covered under the plan. The requirement for coverage is that the employee is full time, meaning that he or she work at least 30 hours a week.  Based on the facts presented to the Court in the administrative record, the decedent does not fall into the category of eligible, covered employees as defined under the plan documents.  There is no ambiguity in the plan document's description of covered employees.  As such, the Court finds that the plain language of the plan document rules and Norris is not eligible to receive benefits following the death of the decedent.

**Common Law Defenses**

The Sixth Circuit has addressed the maintenance of equitable common law  theories in the ERISA context and has found that courts have largely rejected their application.  "The Supreme Court has held that causes of action based on state common law are preempted by

Section 514(a) of ERISA." *Davis v. Kentucky Finance Cos.*, 887 F.2d 689, 696 (6th Cir. 1989).  "The relevant statute states that ERISA supersedes 'any and all state laws insofar as they relate to any employment benefit plan . . . ." *Id.*, quoting 29 U.S.C. § 1144(a).  "Since state common law actions alleging estoppel are preempted by ERISA, and the plain language of the group policy . . . precludes coverage for [Plaintiff] . . . [Plaintiff can] not prevail on such claims." *Ollson v. Darling and Co.*, 759 F. Supp. 381, 385 (E.D. Mich. 1991).

       In a Court Order dated August 30, 2013, this Court held that the Policy at issue is a Plan as defined by ERISA.  Additionally, the plain language of the plan document is not ambiguous.  It clearly states that a full-time employee is one that works more than 30 hours a week.  The plain language of the document clearly does not encompass the decedent.  As such, causes of action based on state common law such as estoppel and waiver cannot be applied to this case because they are preempted by ERISA.  Plaintiffs cannot properly assert a claim for estoppel because it does not apply to this Policy.

**Evidence Beyond the Administrative Record**

       Plaintiffs allege they are entitled to submit an extraneous affidavit not included in the administrative record.  "As a general rule, in a claim to recover benefits, a court cannot consider evidence outside the administrative record." *Putney v. Medical Mutual of Ohio*, 111 Fed. App'x. 803, 806 (6th Cir. 2004), citing *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 618 (6th Cir. 1998).  There is only two narrow exceptions to this general rule, where "additional evidence is necessary to resolve a claimant's procedural challenge to the administrator's decision to deny benefits." *Putney*, 111 Fed. App'x. at 806, citing *Wilkins*, 150 F.3d at 618.  A procedural claim can encompass "an alleged lack of due process afforded

-6-

by the administrator or alleged bias on its part." *Putney*, 111 Fed. App'x at 618.

Plaintiffs allege that this claim exemplifies "a complete lack of due process resulting from undisclosed unilateral changes made by the Insurer/Administrator" and, as such, entitles them to present additional evidence not in the administrative record. Plaintiffs assert this as evidence of lack of due process justifying consideration of evidence outside the Administrative Record. However, evidence in the Administrative Record indicates that there was no unilateral change by Defendant. In the first iteration of the policy, Defendant inserted its standard boilerplate language regarding the minimum number of hours after the Union failed to indicate other expectations on the policy application. The record does not indicate that there was a unilateral change in the policy, but that the 30-hour requirement had been in place for the entirety of the policy and the entirety of the decedent's employment at Local 377. Because the facts do not indicate a lack of due process, the Court cannot look beyond the administrative record.

Where the insurance company is both determining whether benefits are to be paid and paying those benefits, it is said to be performing a "dual function." *See Glenn v. MetLife*, 461 F.3d 660, 666 (6th Cir. 2006). An insurance company performing a dual function has "an apparent conflict of interest." *Id*. "If a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a "facto[r] in determining whether there is an abuse of discretion." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 116 (1989); *see also Glenn*, 461 F.3d at 666.

However, "[a] claimant cannot obtain discovery beyond the administrative record– even if limited to a procedural challenge– merely by alleging a procedural violation."

*Huffaker v. Metropolitan Life Ins. Co.*, 271 Fed. Appx. 493, 503 (6th Cir. 2008), citing *Likas v. Life Ins. Co. of N. America*, 222 Fed. Appx. 481, 486 (6th Cir. 2007). "[A] mere allegation of bias is insufficient to 'throw open the doors of discovery' in an ERISA case." *Likas v. Life Ins. Co. of North America*, 222 Fed. Appx. 481 (6th Cir. 2007). The claimant must show that there was "'procedural unreasonableness' which 'justifies the court in giving more weight to the conflict.'" *DeLisle v. Sun Life Assur. Co. of Canada*, 558 F.3d 440 (6th Cir. 2009), citing *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 118 (2008).

Plaintiffs have failed to present evidence that showed the insurance company's conflict of interest went beyond the mere dual function to procedural unfairness. Although here Defendant did determine benefits and pay out those benefits, Plaintiffs did not make any arguments beyond the "mere allegation of bias." As such, discovery is limited to the Administrative Record.

Because Plaintiffs fail to demonstrate a lack of due process and argues a mere allegation of bias, the Court cannot look at evidence beyond the Administrative Record

### III. CONCLUSION

Defendant's Motions for Judgment on the Administrative Record in both the above cases is granted and, as a result, Plaintiff's Motion for Judgment on the Administrative Record and Other Evidence is denied and the cases are dismissed.

**IT IS SO ORDERED.**

**Dated: October 23, 2013**     **s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**